IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JOSETTE L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-406-SLR |
| | ) | |
| BOB EVANS RESTAURANT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

Plaintiff Josette L. Williams ("Williams") brings this Title VII employment discrimnation action pursuant to 42 U.S.C. § 2000e-5(g). She appears pro se and on July 18, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The Court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice, with leave to amend.

**I.  THE COMPLAINT**

Williams alleges that on December 14, 2002, she was the victim of discrimination on the basis of race, color and sex in connection with her employment at Bob Evans Restaurant. Williams states that she filed charges with the Department of Labor of the State of Delaware and with the Equal Opportunity Commission of the United States ("EEOC"), and that she received a right to sue letter on "4 (Day), 24 (Month), 04 (Year)".

## II. STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)). Additionally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Inasmuch as plaintiff proceeds pro se, the Court construes the complaint liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III. ANALYSIS

Plaintiff provides no details regarding the alleged actions

2

of defendant Bob Evans Restaurant.  She merely checked boxes on the complaint form.  Additionally, the complaint incorrectly states that attached to it are the notice of right to sue letter and a copy of the charges filed with the EEOC.  Finally, the complaint contains a nonexistent receipt date of the notice of right to sue letter.

Pro se plaintiffs are not held to a heightened pleading requirement when filing civil rights complaints.  <u>Alston v. Parker</u>, 363 F.3d 229, 233 (3d Cir. 2004)(citing <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 507 U.S. 163, 168 (1993)).  Nonetheless, plaintiff's complaint "lack[s] enough detail to. . .serv[e] its function as a guide to discovery."  <u>Alston v. Parker</u>, 363 F.3d at 253 (internal citations omitted).  Indeed, the complaint fails to give to Bob Evans Restaurant adequate notice of its alleged discriminatory conduct.  As currently presented, the claims against Bob Evans Restaurant present no arguable basis in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. at 325.  Therefore, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IV.  CONCLUSION**

NOW THEREFORE, at Wilmington this 4th day of January, 2006, IT IS HEREBY ORDERED that

1.  Plaintiff's complaint is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. Plaintiff is given leave to amend the complaint. The amended complaint shall be filed within thirty days from the date of this order. If an amended complaint is not filed within the time allowed, the case will be closed.

                                                                                 _____
                                                             UNITED STATES DISTRICT JUDGE