IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JOSETTE L. WILLIAMS,              )
                                  )
          Plaintiff,              )
                                  )
     v.                           ) Civil Action No. 05-406-SLR
                                  )
BOB EVANS RESTAURANT,             )
                                  )
          Defendants.             )

**MEMORANDUM ORDER**

Plaintiff Josette L. Williams ("Williams") brings this Title VII employment discrimination action pursuant to 42 U.S.C. § 2000e-5(g). She appears pro se and on July 18, 2005, was granted in forma pauperis status pursuant to 28 U.S.C. § 1915. (D.I. 3) The Court now proceeds to review and screen the complaint pursuant to 42 U.S.C. § 1915.

For the reasons discussed below, the complaint is dismissed without prejudice, with leave to amend.

**I. THE COMPLAINT**

Williams alleges that on December 14, 2002, she was the victim of discrimination on the basis of race, color and sex in connection with her employment at Bob Evans Restaurant. Williams states that she filed charges with the Department of Labor of the State of Delaware and with the Equal Opportunity Commission of the United States ("EEOC"), and that she received a right to sue letter on "4 (Day), 24 (Month), 04 (Year)".

## II.  **STANDARD OF REVIEW**

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915
provides for dismissal under certain circumstances.  Section
1915(e)(2)(B) provides that the Court may dismiss a complaint, at
any time, if the action is frivolous, malicious, fails to state a
claim upon which relief may be granted or seeks monetary relief
from a defendant immune from such relief.  An action is frivolous
if it "lacks an arguable basis either in law or in fact."
Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The Court must "accept as true factual allegations in the
complaint and all reasonable inferences that can be drawn
therefrom."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(citing
Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993)).
Additionally, pro se complaints are held to "less stringent
standards than formal pleadings drafted by lawyers" and can only
be dismissed for failure to state a claim when "it appears
'beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief.'"  Haines
v. Kerner, 404 U.S. 519, 520-521 (1972)(quoting Conley v. Gibson,
355 U.S. 41, 45-46 (1957)).  Inasmuch as plaintiff proceeds pro
se, the Court construes the complaint liberally.  Haines v.
Kerner, 404 U.S. 519, 520 (1972).

## III.  **ANALYSIS**

Plaintiff provides no details regarding the alleged actions

2

of defendant Bob Evans Restaurant.  She merely checked boxes on
the complaint form.  Additionally, the complaint incorrectly
states that attached to it are the notice of right to sue letter
and a copy of the charges filed with the EEOC.  Finally, the
complaint contains a nonexistent receipt date of the notice of
right to sue letter.

Pro se plaintiffs are not held to a heightened pleading
requirement when filing civil rights complaints.  Alston v.
Parker, 363 F.3d 229, 233 (3d Cir. 2004)(citing Leatherman v.
Tarrant County Narcotics Intelligence & Coordination Unit, 507
U.S. 163, 168 (1993)).  Nonetheless, plaintiff's complaint
"lack[s] enough detail to. . .serv[e] its function as a guide to
discovery."  Alston v. Parker, 363 F.3d at 253 (internal
citations omitted).  Indeed, the complaint fails to give to Bob
Evans Restaurant adequate notice of its alleged discriminatory
conduct.  As currently presented, the claims against Bob Evans
Restaurant present no arguable basis in law or in fact.  Neitzke
v. Williams, 490 U.S. at 325.  Therefore, the complaint is
dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## IV.  CONCLUSION

NOW THEREFORE, at Wilmington this $\frac{4}{h}$ day of January, 2006,
IT IS HEREBY ORDERED that

1.  Plaintiff's complaint is DISMISSED without prejudice
pursuant to 28 U.S.C. § 1915(e)(2)(B).

3

2.    Plaintiff is given leave to amend the complaint.   The
amended complaint shall be filed within thirty days from the date
of this order.   If an amended complaint is not filed within the
time allowed, the case will be closed.

_____
UNITED STATES DISTRICT JUDGE

4